UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

BRINAE THORNTON,

                Defendant.

ORDER

20-CR-00626-PMH

---

PHILIP M. HALPERN, District Judge:

On February 28, 2022, the defendant was sentenced principally to a term of imprisonment of 210 months. (Doc. 677). On February 5, 2025, the defendant moved, *pro se*, for a reduction of sentence. (Doc. 976).

On March 6, 2025, a Supplemental Presentence Report was issued, which, *inter alia*, determined that Amendment 821 reduced the Guidelines range applicable in this case from the previously applicable range of 210 to 240 months' imprisonment, to a Guidelines range of 188 to 235 months' imprisonment. (Doc. 983).

The Government responded on March 25, 2025, setting forth its position that the defendant's motion should be denied. (Doc. 989). The Government agrees with Probation's Supplemental Presentence Report that the defendant is eligible for a sentence reduction under Amendment 821, and that her Guidelines range would now be 188 to 235 months' imprisonment, based on an offense level of 34 and an amended criminal history category of III. (Docs. 983, 989). It contends, however, that the Section 3553(a) factors support the defendant's sentence of imprisonment as imposed, and urge the Court to deny any reduction in the sentence. (Doc. 989).

The Court finds that the defendant is eligible for a sentence reduction and adopts the above calculations as to the defendant's Guidelines range.

Having determined that the defendant is eligible for a sentence modification, the extent of the reduction authorized, and the amended Guidelines range applicable holding all else constant, the Court must consider the § 3553(a) factors and determine, in its discretion, whether a reduction is warranted. *See Dillon v. United States*, 560 U.S. 817, 827 (2010). The Court may also consider Defendant's conduct since her sentence. *See United States v. Johnson*, No. 17-CR-00212, 2024 WL 3835084, at *2 (S.D.N.Y. Aug. 15, 2024) (citing U.S.S.G. § 1B1.10, cmt. n. 1(B)(iii)).

The Court's decision to sentence the defendant to a term at the bottom of the then-applicable Guidelines range was appropriate given the seriousness of the offenses, and her leadership role in and support for a violent gang that terrorized local communities, while taking into account her lack of youthful guidance, severe childhood trauma, mental and emotional condition, and drug and alcohol dependence, among other mitigating factors. The Court has also considered the defendant's conduct while incarcerated. Although she has received three disciplinary sanctions, she has completed 11 educational programs as well as work assignments in the laundry detail, yard detail, and as unit orderly. (Doc. 983).

Balancing the § 3553(a) factors including the nature and circumstances of the offense, the need to promote respect for the law, and the need to afford adequate deterrence, with the significance of a 188-month sentence and the defendant's conduct since sentencing, the Court finds that a reduction of the defendant's sentence from 210 months to 188 months—at the bottom of the now-applicable Guidelines range—is sufficient, but not greater than necessary, to achieve the goals of sentencing in this case.

Having considered the record in this case, the parties' arguments, the relevant Guidelines policy statements, and the factors set forth in 18 U.S.C. § 3553(a), it is

ORDERED that the defendant's term of imprisonment is reduced to 188 months' imprisonment. All other components of the sentence remain as originally imposed.

**SO ORDERED.**

Dated: White Plains, New York
March 27, 2025

_____
PHILIP M. HALPERN
United States District Judge